Okay, our fifth case for this morning is United States v. Lee. Mr. Henderson. Good morning. May it please the court. I'm Peter Henderson. I'm here on behalf of Kash We raised two arguments in our brief, but I think they touch on the same subject, which is the adequacy of the district court's explanation of sentence. And there are two main objectives in explaining a sentence. One is to ensure that the district court has given due consideration to the sentence and to thus explain with a thorough analysis as to why a particular sentence is just. The other one that touches on this court more is to ensure that there is an adequate record for an appellate review of the sentence. Now, so let me just say, first of all, I'm concerned about your argument because I can't find a spot in the transcript in which Mr. Lee's counsel, we'll just say Mr. Lee, clearly says, I'm making an unwarranted disparity argument. That's a well-recognized argument, of course, under the sentencing process. So I don't see that. And as far as the written statement is concerned, I think even if we were to agree with the majority of circuits that the written statement rule does apply to terms of imprisonment on revocation, I just don't see how it makes too much difference here because Judge Shadid makes it quite clear, whether you agree with him or not, he makes it quite clear that the reason he's going above the top of the recommended range is because of the domestic abuse. So he says, I mean, it's not like he doesn't say so on the transcript in the record. He just doesn't fill out that form. So why do we know, what would have alerted him to the fact that an unwarranted disparity argument is being made and why shouldn't we find the written form problem harmless? I think Your Honor's right that our characterization of this as an unwarranted sentencing disparity is on appeal. But there are several points that counsel made to the district judge to indicate that straying outside of the guidelines would be unwarranted. And you said that, and you make an argument from things that this court and others have said, that a sentence within a recommended guideline range, and we kind of have recommendation upon recommendation, of course, as you know in Chapter 7, is not at all likely to raise an unwarranted disparity problem. Because the guidelines themselves assure uniformity across the country. But I take it you're taking, then, the negative inference that any sentence above the guideline range automatically raises an unwarranted disparity issue. And that I'm having problems with. I think what counsel did below was he paid a special attention to the guidelines, and to both the fact of the guidelines and to the fact of what was happening in Iowa, and told the district judge, if you sentence outside of these ranges, then we're not looking at the guidelines, we're not paying respect to the guidelines, and we're also not paying respect to the other jurisdiction that's involved with this. But, you know, there are a lot of differences in sentencing philosophy between, you know, our 50 states and the District of Columbia and everybody else, and the federal system. So there isn't any principle that I know that says the federal judge is required to weigh the severity of behavior that's under criminal consideration in the state for revocation, for that matter, for sentencing the same way. No, I think the main point below was imposing a sentence at, for example, what the government suggested. I think they suggest about 36 months. Right. Would be inconsistent with both the guidelines and how Iowa treats this type of offense. And, of course, how the state treats the offense is a relevant consideration under Chapter 7. So the judge knew that, but the judge thought it was particularly egregious, violative behavior. Right, but I'm not sure that we know that. When I take a look at the transcript, the judge first says, okay, the real problem here is you got a break, and you didn't take advantage of that break. You didn't show up to drug testing. You didn't show up to your meetings with the probation officer. But the cherry on top is this domestic assault. But there were a number of controversial issues in terms of what the incident was. Under the most, you know, the least severe version, my client kicked the victim, and that's domestic assault. Under the worst version, he bloodied her face. He pushed her down a stair landing. The son got involved and was in this fight. But we don't know which version the district court adopted. That's really why we want more explanation in this sentence. But why is that an unwarranted? I still don't understand. Without saying to the judge, you know, we think you are creating an unwarranted disparity between Mr. Lee's sentence and somebody. You know, there's no comparator. What was going to alert Judge Shadda to that fact? I think it was the invitation not to stray from the guidelines. It was this invitation to the judge to think about, if you impose a sentence that the government is suggesting, you're going to have the tail wagging the dog. You're going to be disregarding what's happening in Chapter 7. We're not paying heed to what's happening in Iowa. Why isn't that a substantive unreasonable? The government says you're really kind of backdooring a substantive unreasonableness. Maybe 30 months is too long. I mean, you know, you guys were arguing for 12 months and a day or whatever, a shade over 12 months. Government said 36. Judge goes down six months from the government, gives 30. Sounds to me like he was thinking about it at least or he would have picked maybe one or the other. But why aren't you just saying, look, 30 months is too long for this person? Well, our concern in our reading of the record is that we don't know why that sentence was chosen. You never know why, ultimately, right? The judges, you know, look at a sentencing guideline range. They may go below. I mean, at some point, they're just exercising, as it were, judgment. No, no, certainly. But, you know, why not 48 months? Why not 24 months? Was there something about the domestic assault that was particularly serious, was particularly heinous? Maybe the judge said, okay, this was just a dispute. It got out of hand. She got bruised a little bit. But I think that sort of behavior on supervised release is this serious, and I'm going to impose a term of 30 months. So that's why this is a procedural argument, is we feel that the judge did not do enough to facilitate appellate review of the reasonableness of the sentence. And, of course, along with that is the form. There's no statement of reasons. So I'll save the remainder of my time. All right. That sounds fine. Mr. Walters. Good morning, Your Honors. May it please the Court. Greg Walters on behalf of the United States. I think there has been a shifting of the issue before this Court, as Mr. Henderson explains it now, in the adequacy of the district court's explanation for its sentence. But the issue raised by the defendant in his opening brief was whether the district court failed to address a principal argument in mitigation. And this Court's jurisprudence is clear that while there might be overlap between those two issues, they are distinct. In United States v. Villegas-Miranda, which we cited in our brief, this Court held that an explanation may be completely adequate. But if a court passes over a principal argument in mitigation in silence, they're still there. The issue he has raised has nothing to do with whether the court adequately justified the 30-month sentence. They did not raise that issue. They raised the issue of whether the court passed over a principal mitigation argument in silence, that is, whether a sentence above the guideline range or the policy statement range would create an unwarranted sentence disparity. And we submit to the court by repeatedly pointing out the guideline range or the policy statement range, by noting that this is a misdemeanor in state court, which is the same as, again, pointing out the policy statement range since the misdemeanor sentence is what drove the grade C violation, that repeatedly doing that does not alert the court to the argument that if you sentence above that range, you will create an unwarranted sentence disparity. The focus of 3553A6 is on unwarranted disparities, that is when we compare sentences among similarly situated defendants that have the same or similar criminal record and similar conduct. Absent coming forward with a comparator or comparators or a sample for the judge to evaluate, there is simply no alerting the court that we are making an unwarranted sentence disparity argument. And, in fact, if their argument is that a guideline range, anything above that is, triggers somehow an unwarranted sentence. Presumptively unwarranted. The court addressed it. The court explained its reasons for going above the range. They may disagree with it, and they may now, as they are arguing on appeal that they did argue in their opening brief, that that is not an adequate explanation. And perhaps that would have been the better argument to make, but they did not make that argument. They didn't trigger the court's Cunningham duty to the extent there is a Cunningham duty in the context of a revocation proceeding. So we would ask the court to affirm the imposition of imprisonment of 30 months upon that revocation that occurred below. With regard to the second issue, Your Honor, ultimately, regardless of how this court rules, I think, Judge Wood, you noted the primary issue is there is no prejudice. The absence of filling out that ministerial form did not create prejudice, whether we're looking at it under the de novo standard, and then we would submit it's harmless error, or if we're looking at it under the plain error standard. So I would observe that although this court had an early foray into that in an unpublished and non-precedential order in 2005, after our order, almost all the other courts, not the Eighth Circuit and maybe not the Third, but, you know, the Sixth, the D.C., the Ninth, the Second, the Tenth, have all said, no, this requirement does apply to revocations, and there's some very good textual reasons for saying that it does. And so I'm not sure that our one, that's why they're called non-precedential orders. They're not always, they don't always have the benefit of a really full presentation of the arguments. Well, we certainly stayed away from your non-precedential decision because I wasn't allowed to cite it based on the year. That was wise, I think. And I, so then the question is, you know, and the other thing we've said is we don't, I think we have a more lenient view than some about the need to file a bunch of motions after the judge is already finished with something. You don't need to file exceptions. So it might take us to harmless error rather than plain error, although there's still the argument, what was the conceivable prejudice here? If I could just make the point about, and maybe it's just common courtesy with the district court judge, because I can tell you in the Central District of Illinois that there's never been a, I'm not aware of a written statement of reasons in the revocation context. And so I think alerting. But this form, you know, like check the box sort of thing, I think that's what that form is. It is, and what's interesting about that form, Your Honor, and if this court were to rule, and there is textual support in 3553C2. I think we noted that in our brief. And this is a, can sound like a tail wagging the dog, true tail wagging the dog argument, is that if you look at Title 28, Section 994, subsection W, it directs the district court that you have to use a form that is approved by the judicial conference and the sentencing commission. And we're asking this court that if you rule that 3553C2 applies to the revocation context, then provide guidance to district courts on what form is to be used, because the current form that is approved by the judicial conference and the sentencing commission, which is on the AO's website, clearly applies to criminal sentencing. If you look at all of the subheadings on that form, it talks about sentencing guidelines, it talks about departures, it talks about mandatory minimums. There's very little, if anything, in the approved judicial conference form that applies to revocation proceedings. And so the judge has to operate under that statute, 994, subsection W, and so we would just ask that you give the court guidance on what it should do. I don't want to make a bureaucratic argument that he can't do a statement of reasons because there's no form, but by statute that's exactly what Congress has directed that he do. Ultimately, we're asking the court to affirm the revocation sentence. We don't believe that the issue they're now arguing, an oral argument, is what they raised in their brief. And secondly, if, in fact, the judge erred by not entering a written statement of reasons, that the error is harmless if review is de novo, unless there are further questions from the court. No, thank you. Thank you. All right, Mr. Henderson. Let me clarify. I may be addressing the flip side of the same coin. The argument on appeal is that the district court failed to address a primary argument in mitigation, but the reason why that is a rule is because the district court needs to adequately explain his sentence and explain why he has exercised his discretion in the way that he has, notwithstanding a meritorious argument in mitigation. So I do want to make that clear. We're not trying to make a new argument on appeal. I agree with some of the things that you, Judge Wood, were implying about the need for Rule 35 or Rule 36. I think that unnecessarily mucks up the works. The other thing, of course, is there's a 14-day limit, both on the notice of appeal and on Rule 35. We get into jurisdictional problems. I don't think that that should be a, basically the defendant has to raise it or you lose it. Apart from that, I don't have anything further apart from what I've already said and what's in the briefs. All right, well, thank you very much then. Thanks to both counsel. Take the case under advisement.